This case comes before the court on defendant’s motion, filed August 17,1979, for summary judgment and dismissal for lack of jurisdiction. No timely response has been filed by plaintiff.
The following facts are taken as true for the purposes of this motion. Plaintiff sues as agent for a shipping company which shipped three automobiles covered by a Government bill of lading by ship from Baltimore to Iran. The freight was shipped August 18, 1974, and discharged October 2, 1974. On or about September 23, 1975, the Government issued plaintiff a subpoena to testify before a grand jury. In lieu of appearance before the grand jury, plaintiff was permitted to supply the documents described in the subpoena which apparently included the subject bill of lading. The Government retained the documents from September 1975 to September 1978. Meanwhile, plaintiff had sent defendant its bill for the shipment which was received in December 1977. The General Services Administration notified plaintiff by letter dated September 7, 1978, that the claim was barred by the 3-year statute of limitations in 49 U.S.C. § 66(a) (1976). On January 5, 1979, plaintiff filed its petition in this court claiming $5,300.32.
On consideration of defendant’s motion without oral argument, it is concluded that this court is without jurisdiction to hear plaintiffs claim. This is an admiralty claim against the United States and within the exclusive jurisdiction of the federal district courts under 46 U.S.C. § 742 (1976). ISCO, Inc. v. United States, 205 Ct. Cl. 875 (1974).
We must next consider whether under 28 U.S.C. § 1506 (1976) it is in the interest of justice to transfer this case to the proper district court. Defendant argues that the casé should not be transferred because the suit is barred by the 2-year statute of limitations in 46 U.S.C. § 745 (1976). If the *881 claim is so barred then it should not be transferred. The issue is whether the running of the statutory time period was suspended while the Government had possession of the bill from September 1975 to September 1978. We hold that it was not. There is no statutory provision for the tolling of the 2-year statute of limitations under the circumstances of this case. The statute began to run no later than October 2, 1974, when the subject ocean freight was delivered in Iran. Suit was not filed until January 5, 1979. Plaintiff was still able to pursue its claim and apparently did so with the General Services Administration, although also out of time.
it is therefore ordered that defendant’s motion for summary judgment is granted and the petition is dismissed.